UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEELYE TOMLINSON                                    CIVIL ACTION

VERSUS

TURNER INDUSTRIES GROUP, LLC, ET AL.                NO.: 13-00636-BAJ-SCR

## ORDER OF DISMISSAL

On September 20, 2013, this Court held a hearing in which it, *inter alia*, severed Plaintiff Keelye Tomlinson's ("Tomlinson") claims from Civil Action 11-00471-BAJ-SCR, *Taylor, et al. v. Turner Industries Group, LLC, et al.*, assigned Tomlinson's lawsuit a civil action number and placed it on the Court's docket, and set certain deadlines. (Doc. 2.) Specifically, the Court ordered Tomlinson to pay the required filing fee no later than October 11, 2013. (Doc. 2, p. 13.)

On October 4, 2013, Tomlinson filed a Motion for Leave to Proceed In Forma Pauperis.[1] (Doc. 3.) In response, Defendant Turner Industries Group, LLC ("Turner") filed a memorandum in opposition, in which it requested that the Court deny Tomlinson's motion due to her failure to accurately report her income. (Doc. 4.)

Subsequently, the United States Magistrate Judge issued an order requiring Tomlinson to respond to Turner's memorandum in opposition by October 21, 2013. (Doc.

---

[1] Tomlinson failed to file page four of the motion. Thus, the Court is unable to ascertain the date upon which Tomlinson signed the motion.

5.) To date, Tomlinson has not complied with the Magistrate Judge's order. Instead, Tomlinson filed a Motion to Withdraw Request for Pauper Status, which Turner opposes.[2] (Docs. 8, 12.) To date, Tomlinson has not paid the required filing fee.

Federal Rule of Civil Procedure ("Rule") 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed.R.Civ.P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar,* 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery,* 792 F.2d 472, 474-75 (5th Cir.1986).

Here, Tomlinson was a *pro se* litigant at the time she filed her Motion for Leave to Proceed In Forma Pauperis.[3] A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981); *Beard v. Experian Information Solutions Inc.,* 214 Fed. Appx. 459, 462 (5th Cir.2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl,* 660 F.2d at 593.

---

[2] Turner further requests that the Court dismiss Doucett's claims, with prejudice. (Doc. 12.)

[3] During the hearing on the matter, the Court was informed that Tomlinson retained counsel on Friday, October 18, 2013. On Monday, October 21, 2013, counsel for Tomlinson filed a Motion to Enroll, which was granted by the Magistrate Judge on the same day. (Docs. 6, 9.)

2

During the hearing on the matter, the Court reviewed the record, addressed the parties and counsel, and gave Tomlinson the opportunity to address her failure to comply with the orders of this Court and accurately report her income in her Motion for Leave to Proceed In Forma Pauperis. Tomlinson attempted to explain her actions by stating that her reported income was an "estimate." However, later in the proceeding, she conceded that she had "lied" to the Court.

The Court further notes that on two prior occasions, the undersigned painstakingly explained the applicable rules, risks of proceeding *pro se*, and importance of complying with the Court's orders to each of the Plaintiffs who expressed an intent to proceed with their individual claims against Turner. (Doc. 2; Civil Action 11-00471-BAJ-SCR, Doc. 271.) During both hearings, the Court also gave the Plaintiffs, including Tomlinson, the opportunity to ask questions, which the undersigned spent a considerable amount of time answering. Given Tomlinson's attendance at such hearings, her failure to comply with this Court's orders is inexcusable. In sum, the Court concludes that Tomlinson has failed to establish excusable neglect.

Accordingly, the Court shall dismiss Tomlinson's claims, with prejudice, for her failure to: (1) comply with the Court's orders; (2) meet the applicable deadlines; and (3) accurately report her income in her Motion for Leave to Proceed In Forma Pauperis. Fed.R.Civ.P. 41(b); *Holly v. Wexford Health Services, Inc.*, 339 Fed. Appx. 633, 636 (7th Cir. 2009) ("The district court is required to dismiss the case, however, if at any time the Court learns that the allegation of poverty is untrue.") (citing 28 U.S.C. § 1915(e)(2)(A)).

Accordingly,

**IT IS ORDERED** that the above-captioned matter is **DISMISSED WITH PREJUDICE**, each party to pay her/its own costs and fees.

Baton Rouge, Louisiana, this 5th day of November, 2013.

*[signature]*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**